# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>JESSICA MARIE GOMEZ,<br><br>                  Defendant. | CASE NO. 19-CR-2064-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>**[Dkt. 45]** |

In 2019, a jury found Jessica Marie Gomez guilty of importing 8.5 kilograms of pure methamphetamine into the U.S., in violation of 21 U.S.C. §§ 952 and 960. The Court sentenced her to 84 months in jail, followed by five years of supervised release. She has served approximately 35 months of her sentence and is scheduled to be released from Bureau of Prisons ("BOP") custody on April 28, 2025. She moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

Gomez maintains the Court should reduce her sentence to time served because she suffers from unspecified medical conditions and because she's concerned about COVID-19. (Dkt. 45 at 1). The Government opposes her

request. They say neither Gomez's unspecified medical concerns nor her anxiety about COVID-19 are "extraordinary and compelling reasons," particularly because Gomez was fully vaccinated as of April 2021. (Dkt. 51 at 19–20). The Court agrees.

While Gomez doesn't identify the nature of her medical ailments in her Motion, the Government fills in that she has been treated for foot problems and asthma while in custody. (Dkt. 51 at 17; *see* Dkt. 56). But there's nothing to suggest either malady substantially diminishes her ability to care for herself or to receive suitable treatment from the BOP. U.S.S.G. § 1b1.13, App. Note 1(A)(ii)(I). Just the opposite—it appears that the BOP has properly attended to Gomez's medical conditions by providing her with prescription medication and consistent medical treatment since she began her incarceration. (*See* Dkt. 56). The BOP has also acted to abate Gomez's fear of contracting COVID-19 by implementing strong COVID-19 prevention policies, including mandatory testing for COVID-19 when inmates are exposed, vaccinations for inmates and staff, and medical isolation of any inmates known or suspected to have COVID-19. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed April 6, 2022). Gomez's medical records reflect that she got both doses of the COVID-19 vaccine, which substantially lessens her risk of becoming seriously ill from the virus. (Dkt. 56 at 127); *see* Centers for Disease Control and Prevention, *Science Brief: COVID-19 Vaccines and Vaccination*, https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last accessed April 6, 2022) (stating that "COVID-19 vaccines are highly effective against hospitalization and death for a variety of strains"). All of this mitigates the risk that she will contract COVID-19 or suffer from another life-threatening condition during the remainder of her sentence.

As a separate basis for denying Gomez's motion, the Court finds that the sentencing factors under 18 U.S.C. § 3553(a) continue to support her original sentence. Her offense—importing 8.5 kilograms of pure methamphetamine—was unquestionably serious, and the circumstances of the crime as recited in her Presentence Report weigh heavily against early release and predominate over other considerations. The Court specifically finds that the need for specific deterrence (§ 3553(a)(3)(B)) and for protecting the public (§ 3553(a)(2)(C)) support denying the motion.

Gomez's motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 6, 2022

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge